UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMEL DUKES,
    Petitioner,

v.                                                                         Case No. 07-15011.
                                                                       Honorable George Caram Steeh

MARY BERGHUIS,
    Respondent.
                                                                         /

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION TO DISMISS PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS THEREBY DENYING THE PETITION AND (2) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

**I.    Introduction**

       Petitioner Demel Dukes, a state inmate, currently incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan, has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. Respondent, in lieu of filing an answer to the petition, has filed a motion to dismiss the petition for failure to comply with the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1). For the reasons set forth below, the Court agrees with Respondent, and, therefore grants her motion to dismiss Petitioner's petition; Petitioner's petition for writ of habeas corpus is denied with prejudice. The Court will also deny Petitioner a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

**II.    Facts and Procedural History**

      Petitioner, along with co-defendants, Roy B. Jackson and Tykee J. Ross, were each charged with the December 11, 2000, robbery of a Dollar Value Plus store in Detroit, Michigan.

The owner of that store, Hani Zebib, was killed during the robbery. Petitioner and the others were tried jointly, before two separate juries in Wayne County, Michigan, circuit court; one jury for Jackson and the other jury for Ross and Petitioner. All three men were convicted of first-degree-felony murder, MICH.COMP.LAWS § 750.316, and armed robbery, MICH.COMP.LAWS § 750.529. Jackson was also convicted of possession of a firearm during the commission of a felony, MICH.COMP.LAWS § 750.227b. Petitioner was sentenced to life imprisonment for the first-degree-felony-murder conviction and to a concurrent term of fifteen to thirty years imprisonment for the armed-robbery conviction.

Petitioner properly filed his right of appeal in the Michigan Court of Appeals, which confirmed his first-degree-felony-murder conviction but vacated his conviction and sentence for armed robbery. *People v. Dukes*, No. 240373, 2003 WL 22439719 (Mich.Ct.App. Oct. 28, 2003). Subsequently, Petitioner filed an application for leave to appeal that decision in the Michigan Supreme Court, which was denied on June 10, 2004. *People v. Dukes*, 470 Mich. 874, 687 N.W.2d 293 (2004).

On August 15, 2005, pursuant to M.C.R. 6.500 *et. seq.*, Petitioner sought post-conviction review by filing a motion for relief from judgment in the state trial court, which was denied on January 18, 2006. *People v. Dukes*, No. 01-001749-03 (Wayne County Circuit Court, Jan. 18, 2006). Following that decision, Petitioner properly filed applications for leave to appeal in both state appellate courts, which both courts denied. *People v. Dukes*, No. 268467 (Mich.App.Ct. Sept. 28, 2006); *People v. Dukes*, 477 Mich. 1111, 730 N.W.2d 229 (2007).

On November 19, 2007, Petitioner signed and dated his habeas petition. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (a *pro se* petition is deemed filed on the date given a prison official for mailing). In his petition, Petitioner raises the following issues:

> I. The convictions and sentences for both first-degree felony murder (committed in larceny) and armed robbery, concerning one complaining victim, are violative of [Petitioner's] state and federal constitutional rights against double jeopardy.
>
> II. The prosecutor's comments and argument, individually and cumulatively, constituted misconduct which deprived [Petitioner] of his state and federal constitutional rights to due process of law and a fair trial.
>
> III. The trial court's (A) allowance of co-defendant Jackson's statement against [Petitioner], and (B) refusal to allow examination into the circumstances surrounding the taking of the statement and Jackson's mental disabilities, were abuses of discretion which denied [Petitioner] of his constitutional rights to present a defense and effectively confront the evidence against him.
>
> IV. The state lacked jurisdiction to try [Petitioner] for the alleged offense of homicide-felony murder where no such offense or crime exist in this state and when the prosecution erroneously cited M.C.L.A. 750.316; M.S.A. 28.548(2) in all of its charging documents to bestow jurisdiction on the courts of this state where our Supreme Court has held that M.C.L.A. 750.316; M.S.A. 28.548 has no application until after a murder has been established.
>
> V. Did the state legislators enact M.C.L.A. 750.316(b); M.S.A. 28.548(2) for the purpose of defining an offense or crime?
>
> VI. Where no such offense or crime has been statutorily defined or named as an offense or crime by the legislative body of this state, can a prosecuting attorney initiate a criminal prosecution against an accused for that which does not exist?

VII. Where the prosecution only cites a sentencing enhancement statute in all of his charging documents to provide the accused with notice of a sentence after conviction, does this satisfy the state's jurisdiction requirement to initiate a criminal prosecution?

VIII. Does the Michigan Constitution give authority and discretion to the prosecuting attorney offices of this state to name and define a specific offense or crime for which criminal prosecutions may be initiated?

IX. Whether the United States Supreme Court's decision in *Crawford v. Washington* has undermined the prior ruling in this case which admitted statements of non-testifying co-defendants in violation of [Petitioner's] Sixth Amendment constitutional rights ro confront his accuser.

X. The United States Supreme Court's recent decision in the case of *Crawford v. Washington* should be retrospectively applied to [Petitioner's] case and his conviction reversed and a new trial ordered.

XI. [Petitioner] was denied his constitutional rights to the effective assistance of defense counsel when counsel failed to challenge the court's lack of jurisdiction to proceed in this matter because the documents filed by the prosecution to initiate this matter does not cite a statutorily named or defined offense or crime so called homicide-felony murder for which a jury may be imposed to render a verdict of innocent or guilt.

XII. [Petitioner] was denied his constitutional rights to the effective assistance of defense counsel when neither of his defense attorneys sought out a bill of particulars in this matter where the prosecuting attorney proceeded against [Petitioner] by alleging an offense, in the short-form, not named, described nor statutorily defined by the legislators of this state.

XIII. [Petitioner] was denied his constitutional rights to the effective assistance of counsel when trial counsel failed to seek suppression of [Petitioner's] statement on the ground

that the statement was obtained in violation of

>               [Petitioner's] right to counsel during the police
>               interrogation.
>
>       XIV.    [Petitioner] was denied his constitutional rights to the
>               effective assistance of appellate counsel when appellate
>               counsel failed to raise, argue and brief, during [Petitioner's]
>               appeal of right any of the herein raised claims.
>
>       XV.     [Petitioner] has demonstrated good cause and actual
>               prejudice to overcome the state's procedural default rule.
>
>       XVI.    The cumulative effect of the errors during [Petitioner's]
>               trial was so prejudicial that it denied him of a fair trial.

**III.   Analysis**

    **A.     Standard of Review–Statute of Limitations**

Respondent argues in her motion that Petitioner's petition should be dismissed because it was not timely filed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 et seq., became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state-court judgments. The revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an

> application created by State action in violation of
> the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing
> by such State action;
>
> (C) the date on which the constitutional right
> asserted was initially recognized by the Supreme
> Court, if the right has been newly recognized by the
> Supreme Court and made retroactively applicable to
> cases on collateral review; or
>
> (D) the date on which the factual predicate of the
> claim or claims presented could have been
> discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted toward
> any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In these cases, where a petitioner appeals to the Michigan Supreme Court, his judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires. Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days afer entry of judgment." *See* Rule 13(1), Supreme Court Rules. The one-year habeas statute of limitations commences running at that time. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

In Michigan, a petitioner may challenge the validity of the judgment of conviction by filing a motion for relief from judgment under the terms of M.C.R. 6.500 *et. seq.* A properly filed application for post-conviction or other collateral review tolls the running of the one-year habeas statute during the pendency of that application. However, tolling is effective only when collateral review is properly sought within the limitations period. This means a petitioner must

file the proper documents pleading available grounds for relief within the proper time. "And an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Where the habeas statute of limitations has already expired, a motion for relief from judgment "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *See also Neal v. Bock*, 137 F.Supp.2d 879, 884 (E.D. Mich. 2001). This is because there is no remaining period to be tolled. *Smith v. Stegall*, 141 F.Supp.2d 779, 782-83 (E.D. Mich. 2001). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Recently, the United States Supreme Court has held that, after completion of state-court collateral review, the statute of limitations is not tolled during the pendency of a certiorari petition in the United States Supreme Court seeking review of the denial of state post-conviction relief. *Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079 (2007).

In the pending case, the Court finds that Petitioner did not file his habeas petition within the statute of limitations period. Following his right of appeal in the Michigan Court of Appeals, Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied on June 10, 2004. Pursuant to the United States Supreme Court Rule 13.1, Petitioner then had ninety days to seek review–until September 8, 2004. Petitioner did not do so. Therefore, the statute of limitations in his case began to run the following day, September 9, 2004. Petitioner then had until September 8, 2005, to file his habeas petition. However, because Petitioner filed his motion for relief from judgment on August 15, 2005, which was within the statute of

limitations period, the statute of limitations was tolled.

Thus, in this case, post-conviction review ended April 24, 2007, when the Michigan Supreme Court denied Petitioner's application for leave to appeal. Because 339 days had already elapsed on Petitioner's limitations period, Petitioner had approximately twenty-six days remaining in his limitations period, until May 21, 2007, in which to file his habeas petition. However, Petitioner's petition, signed November 19, 2007, was filed six months after the expiration of the one-year statute of limitations.

Petitioner attempts to argue in his petition that, because the state created an impediment to his properly filing a post-conviction motion by failing to timely docket the motion, the improper filing of that motion led to the untimely filing of his habeas petition in this Court. Petitioner contends that demonstrates that he was diligent in pursuing his rights, and thus, equitable tolling should apply. The Court finds Petitioner's contention without merit.

**B.     Equitable Tolling**

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of

> prejudice to the respondent; and (5) the petitioner's reasonableness
> in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). The *Dunlap* Court has cautioned "that equitable tolling relief should only be granted sparingly." *Dunlap*, 250 F.3d at 1008. The decision whether to equitably toll a period of limitations is decided on a case-by-case basis. *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

Here, Petitioner asserts that there were circumstances preventing him from filing his petition in a timely manner; Petitioner seems to argue that his motion for relief from judgment was not properly or timely docketed, thus, preventing him from timely filing his habeas petition. Petitioner's argument is misapplied.

Although the state court may have erred in docketing Petitioner's motion for relief from judgment in a timely manner, it was nevertheless filed within the statute of limitations period, and thus tolled the period. However, after the state appellate courts rejected Petitioner's applications for leave to appeal his post-conviction decision, Petitioner then waited an additional six months before filing his habeas petition. On that basis, the Court finds that Petitioner has not established that the State created an impediment to the filing of his habeas petition. Rather, Petitioner was not diligent in pursuing his rights with this Court. Furthermore, Petitioner has failed to demonstrate that his claims are based upon newly-discovered facts or newly-recognized

constitutional rights which have been given retroactive effect.

Petitioner's habeas action is thus barred by the statute of limitations set forth in 28 U.S.C. § 2244(d) and is therefore not subject to federal habeas review. The Court finds that Petitioner has not satisfied the elements necessary to equitable tolling, as outlined by the Sixth Circuit in *Dunlap*, *supra*.

Recently, the Sixth Circuit has held that a credible claim of actual innocence may also equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). However, on the basis of the facts presented, the Court also finds that Petitioner has failed to make a credible claim of actual innocence.

**C.     Actual Innocence**.

As the *Souter* Court explained, a petitioner, in order to support a claim of actual innocence in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Souter,* 395 F.3d at 602; *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

Petitioner has made no such showing of his actual innocence. To the contrary, Petitioner has admitted to planning and carrying out the armed-robbery which resulted in the death of Hani

Zebib.  (Petitioner's petition, p. 22, ¶ 47.)

Against that backdrop, the Court finds that Petitioner is barred from habeas corpus relief by the untimely filing of his petition.

## IV.     Conclusion

For the above-stated reasons, the Court finds that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue; an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed.  There, no appeal is warranted.  *Id.*

The Court is satisfied that a reasonable jurist could not find the Court's procedural ruling debatable.  No certificate of appealability is warranted.  Nor should Petitioner be granted leave to

proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

**ACCORDINGLY**,

**IT IS ORDERED** that Respondent's motion to dismiss Petitioner's petition for writ of habeas corpus is **GRANTED** and Petitioner's petition is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED**.

Dated: July 24, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 24, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk