# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DEMEL DUKES, # 387682,

    Petitioner,

v.                                                            Case Number: 07-cv-15011
                                                             Honorable George Caram Steeh

MARY BERGHUIS,

    Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S
## MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED.R.CIV.P. 60(b)

On July 24, 2008, this Court denied Petitioner Dukes's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, for failure to comply with the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1). *Dukes v. Berghuis*, No. 07-cv-15011 (E.D. Mich. July 24, 2008). In that opinion and order, the Court also declined to issue Dukes a certificate of appealability and an application for leave to proceed on appeal *in forma pauperis*. Subsequently, on September 2, 2008, the Court denied his motion for certificate of appealability and application to proceed on appeal *in forma pauperis* as moot. Following, on January 16, 2009, the United States Court of Appeals for the Sixth Circuit denied Dukes a certificate of appealability and dismissed the appeal. *Dukes v. Berghuis*, No. 08-2120 (6th Cir. Jan. 16, 2009). Pending before the Court is Dukes's Rule 60(b) motion for relief from judgment. For the reasons stated below, the Court will deny the motion.

## I. DISCUSSION

A Rule 60(b) motion does not serve as a substitute for an appeal or bring up for review a second time the merits of the district court's decision dismissing a habeas petition. *Rodger v. White*, 996 F.2d 1216 (6th Cir. 1993) (citing *Browder v. Director, Dep't of Corrs.*, 434 U.S. 257, 263

(1978); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)). Rather, Rule 60(b) is properly invoked in habeas cases "where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served." *Cornell v. Nix*, 119 F.3d 1329, 1332 (8th Cir. 1997) (quoting *Mohammed v. Sullivan*, 866 F.2d 258, 260 (8th Cir. 1989)). Rule 60(b) states in part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or,
> (6) any other reason that justifies relief.

The party that seeks to invoke Rule 60(b) bears the burden of establishing that its prerequisites are satisfied. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). A Rule 60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated. *Miles v. Straub*, 90 Fed.App'x 456, 458 (6th Cir. 2004). A movant under Rule 60(b) likewise fails to demonstrate entitlement to relief when he or she simply rephrases the prior allegations that were contained in the original complaint. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004).

Additionally, Rule 60(c) says that the motion shall be made within a reasonable time, and for

reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered

or taken. Although that time limit does not apply to subsection 60(b)(4), 60(b)(5) and 60(b)(6) motions, "the Sixth Circuit has held that a motion for relief of judgment under these subsections 'is only cognizable if brought within a reasonable time.'" *Bey v. Allen*, 2007 WL 269532, *3 (E.D. Mich. Jan.24, 2007) (Lawson, J.) (citing *United States v. Dailide*, 316 F.3d 611, 617 (6th Cir. 2003)). "[A] Rule 60(b)(6) motion must still be filed within a reasonable time, which ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Id.* (internal quotations omitted) (citing *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)).

To the extent that Dukes relies upon Rule 60(b)(6), his motion is untimely because it was not brought "within a reasonable time." The Court denied Dukes's habeas petition on July 24, 2008; his unsigned motion for relief from judgment was filed on April 14, 2010. Dukes's waited almost two years from the date of the judgment to file his motion. This delay is unreasonable.

Even if this Court were to find that Dukes's motion is timely, the Court nevertheless finds that he has failed to offer any arguments which this Court has not already previously considered and rejected in its prior order. *See Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001). Rather, the Court finds that, in his motion, he simply reiterates the same arguments that he raised in his petition and which were rejected both by this Court and the Sixth Circuit.

The Court also declines to issue Petitioner a certificate of appealability. A habeas petitioner is required to obtain a certificate of appealability in order to appeal the denial of a motion for relief from judgment brought pursuant to Fed.R.Civ.P. 60(b). *See United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007).

The Second Circuit Court of Appeals has articulated the standard for issuing a certificate of appealability in the context of the denial of a Rule 60(b) motion as follows:

> [A] COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

*Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001).

The Court concludes that Dukes is not entitled to a certificate of appealability from the denial of his motion for relief from judgment; he has failed to make a substantial showing of the denial of a constitutional right or that this Court's procedural ruling was incorrect. Because the Court can discern no good faith basis for an appeal, any appeal would be frivolous. The Court therefore declines to issue Dukes a certificate of appealability, *Long v. Stovall*, 450 F.Supp.2d 746, 755 (E.D. Mich. 2006), and leave to proceed on appeal *in forma pauperis*, because the appeal would be frivolous, *Hence v. Smith*, 49 F.Supp.2d 547, 549 (E.D. Mich. Apr. 22, 1999).

## II.  CONCLUSION

Accordingly, **IT IS ORDERED** that Dukes's motion for relief from judgment, pursuant to Fed.R.Civ.P. 60 (b), [dkt. # 16] is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue Dukes a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

Dated:  April 21, 2010

                                             S/George Caram Steeh
                                             GEORGE CARAM STEEH
                                             UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 21, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk